**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 10-1130**

_____

CBRE REALTY FINANCE TRS, LLC; RFC TRS, LLC, f/k/a CBRE
Realty Finance TRS, LLC,

        Plaintiffs - Appellees,

    v.

BRIAN A. MCCORMICK; CHARLES W. MOORE,

        Defendants - Appellants.

_____

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  J. Frederick Motz, District Judge.
(1:08-cv-01964-JFM)

_____

Submitted:  December 15, 2010     Decided:  March 4, 2011

_____

Before SHEDD, DUNCAN, and WYNN, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Ryan D. Sullivan, BODOFF & ASSOCIATES, Boston, Massachusetts,
for Appellants.  Jennifer Quinn-Barabanov, George R. Calhoun, V,
Jeffrey M. Theodore, STEPTOE & JOHNSON, LLP, Washington, D.C.,
for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian McCormick and Charles W. Moore (herinafter "McCormick & Moore") appeal the district court's order granting summary judgment in favor of RFC TRS, LLC (formerly known as CBRE Realty Finance, hereinafter "RFC"), finding McCormick & Moore liable for $23,342,188.38 in damages, plus post-judgment interest, and denying McCormick & Moore's motions to extend discovery and for further discovery. We affirm.

On appeal, McCormick & Moore raise myriad issues, but their argument can be distilled into two claims of error: the district court erred in granting summary judgment; and the district court erred in denying their motion to extend discovery and for further discovery. Importantly, with respect to summary judgment, McCormick & Moore concede that they breached their guaranties to RFC, and only argue that the district court erred in its damages calculation.

I.    Summary Judgment

This court reviews de novo a district court's grant of summary judgment. Howard v. Winter, 446 F.3d 559, 565 (4th Cir. 2006). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the

2

moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The parties do not dispute that Maryland substantive law applies to this diversity action.

Maryland law employs an "objective approach to contract interpretation, according to which, unless a contract's language is ambiguous, [Maryland courts] give effect to that language as written without concern for the subjective intent of the parties at the time of formation." Ocean Petroleum Co. v. Yanek, 5 A.3d 683, 690 (Md. 2010) (internal citations omitted). "Thus, the true test of what is meant is not what the parties to the contract intended it to mean, but what a reasonable person in the position of the parties would have thought it meant." Id.

a. Scope of the Guaranty

McCormick & Moore argue that the district court improperly granted summary judgment in favor of RFC because their breach was not the cause of the damages incurred by RFC. Specifically, McCormick & Moore argue that they are not liable for any expenditures made by RFC after their default. They argue that the guaranties only make them liable for the harm suffered by RFC if they failed to cause taxes to be timely paid, not necessarily for the amount of the taxes themselves. Similarly, McCormick & Moore claim that "while the failure to substantially complete the project on time and on budget would

3

perhaps tend to diminish the ability of RFC to be repaid its debt, the harm, if any, to RFC cannot be understood without evidence to demonstrate how much worse off RFC was" because of the failure. RFC claims that this issue is waived, but after reviewing the record, we conclude it was raised before the district court in McCormick & Moore's opposition to RFC's motion for summary judgment.

The flaw in McCormick & Moore's argument is that once they have conceded that they breached the agreement, the causal chain to RFC's alleged damages is quite clear. As the district court noted, McCormick & Moore's failure to complete construction and pay property taxes caused liens to be placed on each property. In order to protect its security interest in those properties, RFC (whose interests were junior to other lenders) had to remove the encumbrances caused by McCormick & Moore's breach. Under McCormick & Moore's theory, it is unclear what damages could ever be fairly traceable to the breach if not those incurred by actions taken in direct response to a breach of a guaranty to protect a security interest.

b. Duty to Mitigate

McCormick & Moore next argue that they are not liable for certain damages because RFC had a duty to mitigate and did not do so. They argue that RFC has not explained why it made protective interest payments when the real estate market was in

4

a state of disarray caused by an economic recession. Moreover, they claim that they could not offer evidence in favor of its mitigation claim because they were denied further discovery.

We conclude that McCormick & Moore's argument on this point is without merit. First, the burden of proving that proposed damages are the result of economically wasteful decisions "is on the party that breached the contract and that invokes the doctrine" in an effort to limit the plaintiff's damages to market value. Andrulis v. Levin Constr. Corp., 628 A.2d 197, 208 (Md. 1993). We have reviewed the record and conclude that McCormick & Moore have not carried their burden in this regard. Even if they had been able to present more evidence on this point, however, we agree with the district court that the mitigation defense is, in this context, not viable. See Restatement (Second) of Contracts § 347 (Illustration 10).

c.  Assumption of Trade Payables

In their summary judgment motion, RFC claimed damages for its assumption of trade payables when it sold, at a discount, a property at issue in this dispute. It apparently did not include these damages in response to McCormick & Moore's interrogatories. In the district court, McCormick & Moore argued that those damages should be stricken as a sanction for RFC's failure to supplement their responses. We agree with the

5

district court that striking the damages is not appropriate here.

Fed. R. Civ. P. 37(c)(1) states that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This court "gives particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 595 (4th Cir. 2003). Citing to Roberts ex rel. Johnson v. Galen of Va., Inc., 325, F.3d 776, 782 (6th Cir. 2003). McCormick & Moore argue that the burden is on the party seeking to include the information in a later motion to show harmlessness.

We have reviewed the record and conclude, after reading RFC's reply in support of their summary judgment motion, that they have carried their burden. They correctly note that McCormick & Moore can show no prejudice here, as they have always been on notice about the nature of the damages sought. Accordingly, we decline to conclude that the district court abused its discretion in not striking the challenged damages.

II. Discovery Motions

We review the district court's handling of discovery matters for an abuse of discretion. Wells v. Liddy, 186 F.3d 606, 618 n.12 (4th Cir. 1999). We will not reverse the denial of a Fed. R. Civ. P. 56(f) motion absent a clear abuse of discretion or a real possibility that the party was prejudiced by the denial. Strag v. Bd. of Trs., 55 F.3d 943, 954 (4th Cir. 1995).

a. Motion to Extend Discovery

Prior to the completion of discovery, McCormick & Moore moved on an "emergency" basis for an extension of time to complete discovery. The district court denied the motion, noting that if, at the close of discovery, McCormick & Moore required additional discovery, they could file a motion for further discovery pursuant to Rule 56(f). Fed. R. Civ. P. 16(b)(4) allows for modification of a discovery schedule only for good cause and with the court's consent.

After reviewing the record, we conclude that the district court did not abuse its discretion in requiring McCormick & Moore to seek relief pursuant to Rule 56(f). Discovery had not yet ended at the time the "emergency" motion was made, and the court allowed McCormick & Moore to pursue alternative avenues of relief if they thought, after a summary judgment motion, that such relief was required. The court

7

simply exercised its discretion to regulate the discovery process, and we decline to disturb the court's decision.

   b.   Rule 56(f) Motion

Finally, McCormick & Moore argue that the court abused its discretion in denying their Rule 56(f) motion for further discovery. According to Rule 56(f), if a party opposing a motion for summary judgment shows by affidavit that, for specified reasons, it cannot present facts essential to justify its position, the court may: (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order. Fed. R. Civ. P. 56(f). We will affirm the denial of a Rule 56(f) motion "where the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag, 55 F.3d at 954. In their motion, McCormick & Moore argue that RFC's production was untimely, that they had no time to test their theories of liability and a failure to mitigate damages defense.

We have reviewed the record, and conclude that the district court did not err in denying the Rule 56(f) motion. First, the court properly noted that the materials that McCormick & Moore sought in their Rule 56(f) motion could have been sought during the discovery period. The basis for relief

8

was clear on the face of the complaint, and McCormick & Moore do not allege that they were surprised by anything in RFC's document production such as to require more discovery, after the close of the discovery period.

Next, the court correctly found that McCormick & Moore have not been diligent in pursuit of their discovery rights. Even if, at the close of discovery, they lacked the information they needed to defend against RFC's claims, they certainly could have pursued that discovery earlier in the proceedings. As the court discussed, Rule 56(f) is not designed to protect "those who slumber upon perceptible rights." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 92 (1st Cir. 1996) (internal citations omitted).

Finally, the court properly concluded that McCormick & Moore's claims were nonspecific, and to the extent they articulate a defense that they could have developed with further discovery, that defense is insufficient (as we noted above) as a matter of law to defeat RFC's claims.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

9